UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF MASSACHUSETTS

In re
**JOANNE M. CUSHING,**
    Debtor

Chapter 13
Case No. 07-13569-JNF

## MEMORANDUM

### I. INTRODUCTION

The matter before the Court is the United States of America's Motion to Dismiss the Debtor's Chapter 13 case. As grounds for its Motion, the United States maintains that the Debtor's failure to comply with the requirement of 11 U.S.C. § 1308(a) to file her 2006 federal income tax return no later than the day before the first scheduled meeting of creditors warrants dismissal of her Chapter 13 case. The Debtor, in response, asks the Court to deny the motion of the United States because, prior to the petition date, she obtained an automatic extension of time until October 15, 2007 within which to file her 2006 federal tax return, and the United States should be equitably estopped from pursuing dismissal of her Chapter 13 case.

The issue presented is whether the Debtor's failure to file her 2006 federal tax return prior to the day before the date on which the meeting of creditors was first scheduled compels this Court to either dismiss or convert her Chapter 13 case to a case under Chapter 7, despite her receipt of an automatic extension of time within which to file her 2006 return.

1

The Court heard the Motion to Dismiss and the Debtor's Response on September 20, 2007 and took the matter under advisement. The material facts necessary to decide the issue are not in dispute, and neither the United States nor the Debtor requested an evidentiary hearing. The Court now makes the following findings of fact and rulings of law in accordance with Fed. R. Bankr. P. 7052.

**II. FACTS**

The Debtor filed a voluntary Chapter 13 petition on June 7, 2007. In her pleadings, she represented that she is a widowed mother who filed a bankruptcy petition in an effort to save her home from an impending foreclosure sale. She also represented that prior to filing her bankruptcy petition she had filed all federal and state tax returns for calendar years 2003, 2004 and 2005.

The Debtor filed Schedules, a Statement of Financial Affairs and a Chapter 13 plan. In her Schedules, she disclosed that she had monthly disposable income to fund a Chapter 13 plan in the sum of $1,077.00.

The United States Trustee scheduled the section 341 meeting of creditors for July 24, 2007. On June 22, 2007, the Commonwealth of Massachusetts filed "Notice by Commissioner of Massachusetts Department of Revenue of Unfiled Prepetition Tax Returns and Request for the Same Pursuant to 11 U.S.C. Section 1308." The United States did not file a similar notice.

On July 24, 2007, the Chapter 13 Trustee conducted the section 341 meeting. She caused the following entry to be recorded on the docket: "Meeting of Creditors Held and

2

Examination of Debtor as scheduled." There is no indication on the docket that the Chapter 13 Trustee continued the section 341 meeting or, in the parlance of section 1308, held open the meeting. There also is no indication in the record that the Debtor, in advance of the section 341 meeting, requested the Trustee to hold the meeting open.

On August 2, 2007, the United States filed its Motion to Dismiss. The Debtor, in her Response, indicated that she had obtained an extension until October 15, 2007 to file her tax return.

The Court takes judicial notice that taxpayers may use Form 4868, "Application for Automatic Extension of Time to File U.S. Individual Income Tax Return," to obtain an automatic six-month extension to file their tax returns. The extension is conditioned on proper estimation of tax liability; the entry of the total tax liability on line 4 of Form 4868; and the filing of Form 4868 by the due date of the return with the designated Internal Revenue Service office. *See* 26 U.S.C. §§ 6072(a), and 6081(a). *See also* 26 C.F.R. § 1.6081-4T(b)(1)-(4). The extension of time for filing does not extend the time for the payment of the tax due on the return, *see* 26 C.F.R. § 1.6081-4T(c), and the Commissioner may terminate an automatic extension at any time by mailing to the individual taxpayer a notice of termination at least ten days before the termination date designated in the notice. *See* Id. at § 1.6081-4T(d).[1]

In its Motion to Dismiss, the United States neither alleged that the Debtor failed to

---

[1] This regulation was effective for applications for automatic extensions of time filed after December 31, 2005. The regulation expires on November 4, 2008.

3

properly estimate her 2006 federal tax obligation nor that she failed to file Form 4868 on time. Moreover, it neither represented that it terminated her automatic extension nor filed a motion for relief from the automatic stay to terminate the extension. Finally, it did proffer evidence or argument on the issue of whether conversion or dismissal would be in the interest of creditors and the estate.

On December 5, 2007, in response to an order issued by this Court, the Debtor filed a Status Report in which she represented that she completed and filed her 2006 income tax return prior to the October 15, 2007 deadline.

### III. DISCUSSION

Resolution of the issue presented requires an examination of sections 1308 and 1307(e) of the Bankruptcy Code. Section 1308 of the Bankruptcy Code provides in relevant part:

> (a) Not later than the day before the date on which the meeting of the creditors is first scheduled to be held under section 341(a), *if the debtor was required to file a tax return under applicable nonbankruptcy law*, the debtor shall file with appropriate tax authorities all tax returns for all taxable periods ending during the 4-year period ending on the date of the filing of the petition.

11 U.S.C. § 1308(a)(emphasis supplied). If a debtor fails to file her returns in accordance with the provisions of section 1308, the Court may dismiss or convert her case. Section 1307(e) provides the following:

> Upon the failure of the debtor to file a tax return under section 1308, on request of a party in interest or the United States trustee and after notice and a hearing, the court *shall dismiss a case or convert* a case under this chapter to a case under chapter 7 of this title, *whichever is in the best interest of the creditors and the estate.*

4

11 U.S.C. § 1307(e)(emphasis supplied).

The United States recognizes that section 1308(b)(1)(B) permits the Chapter 13 Trustee to hold open the meeting of creditors for a reasonable time to allow the debtor to file returns required by section 1308(a). If the Trustee holds the meeting of creditors open, Section 1308(b)(1) provides for two contingencies: one involving past due returns and the other involving returns which are not past due as of the date of the filing of the petition. In the first instance, the period within which a debtor may file the returns may not be extended beyond 120 days after the date of the first scheduled meeting of creditors. For those returns which are not past due, the applicable period is the later of the date that is 120 days after the date of the first scheduled meeting of creditors or "the date on which the return is due under the last automatic extension of time for filing that return to which the debtor is entitled, and for which request is timely made, in accordance with applicable nonbankruptcy law." 11 U.S.C. § 1308(b)(1)(B)(ii). Because the Chapter 13 Trustee did not hold open the meeting of creditors in this case, and because the Debtor did not file her 2006 federal tax return prior to the day before the date set for the meeting of creditors, the United States, relying upon, *inter alia*, In re French, 354 B.R. 258 (Bankr. E.D. Wisc. 2006), asserts that conversion or dismissal is mandated under the unambiguous language of the statute. In its view, if the meeting of creditors is not held open and the debtor has not filed returns in accordance with the statute, bankruptcy courts have no discretion and must dismiss or convert the Debtor's Chapter 13 case under section 1307(e), regardless of whether either is in the best interests of creditors or the estate.

The decision relied upon by the United States, <u>In re French</u>, is inapposite as the court was not required to determine a motion by the United States to convert or dismiss. In that case, the trustee had held open the meeting of creditors and had not recommended confirmation of the debtor's Chapter 13 plan because the debtor, who filed her petition in January of 2006, had not yet filed her 2005 tax returns, which were not yet due, as required by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005. Although the debtor, according to the court, demanded confirmation of her Chapter 13 plan because section 1308 did not require her to provide a return whose filing deadline had not yet arrived, the court ruled in favor of the Chapter 13 trustee and denied the debtor's motion for confirmation of her Chapter 13 plan. After reviewing the legislative history,[2] and

---

[2] The Court provided the following synthesis of the legislative history. It stated:

> The scattered legislative history of BAPCPA seems to indicate that, from the beginning of BAPCPA's long journey to enactment, Congress intended to require debtors to file their tax returns as a condition of confirmation. The provision went through some changes over the years-at various points, Congress considered making debtors provide anywhere from three to six years' worth of tax returns. At one point, it appears that Congress intended to include in § 1308 a provision that if the debtor failed to file the required tax returns, the Court could dismiss or convert the case. That provision ended up being added to § 1307 instead.
>
> The legislative history sheds a bit of light on why Congress thought it important to demand that debtors file returns. First, it appears that Congress wanted to help state revenue agencies figure out whether they had claims against the debtor. In the March 18, 2003 report from the House Judiciary Committee, one finds the following statement: "Tax return filing. A number of provisions in the bill would require debtors to have filed tax returns before a bankruptcy case may continue. Those provisions would help states identify potential claims in bankruptcy cases where they may be owed delinquent taxes." H.R.Rep. No. 108-40, pt. 1

determining that rules of statutory construction required it to implement the statute according to its terms if the language was unambiguous, the court considered the debtor's argument, which it summarized as follows:

> The debtor in this case, however, takes issue with the meaning of the phrase "if the debtor was required to file a tax return under applicable nonbankruptcy law." She argues that in her case, applicable non-bankruptcy law does not require her to file a tax return. She reasons that on the day before the date first scheduled for her meeting of creditors-February 8, 2006-applicable non-bankruptcy law did not require her to file her 2005 tax

---

(2003).

It also appears that Congress wanted to punish those debtors who were delinquent in filing tax returns, by withholding confirmation until they did so. The following comes from the April 8, 2005 House Judiciary Report, which is dated a mere two weeks prior to the passage of BAPCPA:

> Sec. 716. Requirement to File Tax Returns to Confirm Chapter 13 Plans. Under current law, a debtor may enjoy the benefits of chapter 13 even if delinquent in the filing of tax returns. Section 716 of the Act responds to this problem. Subsection (a) amends section 1325(a) of the Bankruptcy Code to require a chapter 13 debtor to file all applicable Federal, state and local tax returns as a condition of confirmation as required by section 1308 (as added by section 716(b)). Section 716(b) adds section 1308 to chapter 13 to require a chapter 13 debtor to be current on the filing of tax returns for the four-year period preceding the filing of the case. If the returns are not filed by the date on which the meeting of creditors is first scheduled, the trustee may hold open that meeting for a reasonable period of time to allow the debtor to file any unfiled returns.
> H.R.Rep. No. 109-31, pt. 1 (2005), U.S. Code Cong. & Admin.News 2005, pp. 88, 167.

In re French, 354 B.R. at 260-61.

7

> return, because 26 U.S.C. § 6072 holds that, when a return is required under 26 U.S.C. §§ 6012, 6013, 6017 or 6031, it must be filed "on or before the 15th day of April following the close of the calendar year. . . ." The debtor argues that, because applicable non-bankruptcy law gave her until April 15, 2006 to file her 2005 tax return, she was not-as of February 8, 2006-"required to file a tax return under applicable nonbankruptcy law."

354 B.R. at 262. The bankruptcy court was not persuaded by the debtor's reading of the statute. It determined that if Congress intended for section 1308 to have the meaning ascribed to it by the debtor the statute would have read: "'if the debtor was required to file a tax return *by that date* by applicable nonbankruptcy law.'" Id.(emphasis in original). It ruled that section 1308 "focuses on the question of whether applicable nonbankruptcy law requires the debtor to file a return *at all*, not on when the applicable nonbankruptcy law requirement must be met." Id. (emphasis in original). Finally, the court concluded that the debtor's interpretation of the statue was undermined by the provisions of section 1308(b) because "[i]f the returns aren't delinquent-exactly the situation the current debtor faces-the debtor may have either four months from the date first scheduled for the meeting of creditors or the date the return is due under the last correctly-applied-for automatic extension, whichever is later." Id. at 263. The court held that "Congress intended to make the filing of tax returns a condition of confirmation," id., and it concluded that enforcing the plain meaning of section 1308 did not "'produce a result demonstrably at odds with the intention of its drafters.'" Id. (citing Greenfield Mills, Inc. v. Macklin, 361 F.3d 934, 954 (7th Cir. 2004)).[3]

---

[3] The bankruptcy court justified its ruling, stating:
While it is often difficult to discern the drafters' intent when looking at a

8

piece of legislation, there are a few snippets of information one can collect regarding BAPCPA. First, as indicated above in the discussion of the legislative history, Congress appears to have wanted to make sure tax returns were filed in order to assist state taxing authorities in determining whether they had claims for delinquent taxes. Second, Congress wanted to create a strong incentive for debtors who had delinquent tax returns to get them filed.

Admittedly, both of those stated intentions appear to be directed at debtors who are delinquent in filing tax returns, not to debtors whose reason for not filing by the date specified in § 1308 is because the tax code deadline has not yet arrived. But the enforcement mechanism that Congress created in § 1308 is a requirement that the returns be filed-regardless of whether they are yet due-in order to obtain confirmation. In other words, Congress bumped up the deadline for filing tax returns for those debtors who file petitions between January 1 and April 15 of a given year.

One might argue that this is harsh treatment for those debtors who are not, and haven't been, delinquent in filing their tax returns, and have the misfortune to find themselves needing to file petitions in the first 3 1/2 months of the year. But BAPCPA contains a number of provisions which some might consider harsh-the provision in § 521(i) that requires that a debtor's petition be "automatically" dismissed if certain information has not been filed within 45 days of the filing of the petition, the provision in § 109(h) that one cannot even be a debtor if one does not obtain a pre-petition credit briefing, the provisions in § 362 that truncate or abolish the automatic stay for debtors who've had cases dismissed in the prior year. Clearly, then, a provision that creates a result some might view as harsh does not appear to be at odds with the intention of the drafters.

Further, the apparent harshness of bumping up the deadline for filing one's tax returns for debtors who file bankruptcy early in the year is softened by subsection (b)(1)(B), which lets the debtor have until April 15-and beyond, if she appropriately seeks an extension-to file the previous year's returns. True, if the debtor takes that long to file, she will likely delay confirmation of their Chapter 13 plans. But that delay is limited. The debtor can control the delay by getting the return filed as soon as possible, and definitely by the April 15 tax code deadline.

9

This Court disagrees with the French court's interpretation of the section 1308(a)(1). The statute provides that "if the debtor was required to file a tax return under applicable nonbankruptcy law, the debtor shall file with appropriate taxing authorities all tax returns for all taxable periods . . . ." This Court finds that a temporal component is implicit in the language employed by Congress. Although the bankruptcy court's interpretation of the statue in French is plausible, it is not compelled by the plain language of the statute. This Court finds that if a debtor, such as the Debtor in the instant case, obtains an extension of time within which to file her return or the return is not yet due under applicable nonbankruptcy law, namely the Internal Revenue Code, section 1308 does not require the filing of a return until the deadline. Such a reading of the statute is in accordance with well-settled principles of statutory construction. *See* J.E.M. Ag Supply, Inc. v. Pioneer Hi-Bred Intern., Inc., 534 U.S. 124, 143-44 (2001)("'when two statutes are capable of coexistence, it is the duty of the courts, absent a clearly expressed congressional intention to the contrary, to regard each as effective.'"). *See also* 2A Norman J. Singer, Sutherland Statutory Construction, § 45.12 (7th ed. 2007) ("if a court can by any fair interpretation find a reasonable field of operation for two allegedly inconsistent statutes without destroying their intent or preventing either of them from being operative, the court should do so"). Thus, the Court's reading of section 1308 avoids inconsistency between the Bankruptcy Code and the Internal Revenue Code and the harsh result of dismissal or conversion, which

---

Id. at 264.

both the court in <u>French</u> and the United States recognized. Neither the United States nor the Debtor are prejudiced by the Court's interpretation of the statute because to obtain the six-month extension permitted by the Internal Revenue Code, the Debtor was required to properly estimate and pay her tax liability. Finally, the United States was not without remedies. Upon the filing of the Debtor's bankruptcy petition, it could have filed a motion to terminate the automatic extension pursuant to 26 C.F.R. § 1.6081-4T(d).

## IV. CONCLUSION

In view of the foregoing, the Court shall enter an order denying the Motion of the United States to Dismiss.

By the Court,

*[signature: Joan N. Feeney]*

Joan N. Feeney
United States Bankruptcy Judge

Dated: December 14, 2007
cc: Jamie J. Song, Esq., Michael Eramo, Esq., Carolyn Bankowski, Esq., U.S.Trustee